SAMUEL W. HUBBARD, Trustee, v. BARNARD PEARCE.

Where a bill of exceptions from a special Court of Common Pleas, after reciting
the evidence given in the case before the Judge who tried the same in fact and
law, states, "and upon this testimony the Judge trying the cause ruled, that it
supported neither count of the declaration," it states, merely, that the Judge
deemed that the testimony was insufficient,—a matter exclusively within his
province to determine, and raises no question of law, which the aggrieved
party, under Ch. 192, section 11, of the Revised Statutes, is entitled to have
heard before, and decided by, the Supreme Court.

TRESPASS and ejectment, to recover the possession of a house
and lot on the northerly side of Broad street, Providence, the
possession of which had been unjustly retained by the defendant.

The declaration contained two counts : the first of which
alleged the defendant to be a tenant at will of the premises to the
plaintiff, and that, on the 18th day of July, 1863, he was notified
in writing by the plaintiff, to quit and deliver up possession of
the premises to the plaintiff, on the 19th day of August, 1863;
and the second of which counted against the defendant as a
tenant at sufferance of the plaintiff, with like notice to quit.

The writ was made returnable to a special Court of Common

Pleas, to be held by Mr. Justice Shearman, on the 27th day of August, 1863, and was continued until the first day of September, 1863, when it was heard by him without the intervention of a jury ; and having been subsequently continued for advisement until the seventh day of September, 1863, judgment therein was rendered for the defendant. The plaintiff excepted to the rulings of the court, and the case now came before this court, upon the bill of exceptions as allowed. The substance of the bill of exceptions is sufficiently stated in the opinion of the court.

*James Tillinghast, for the plaintiff.*

*B. N. & S. S. Lapham, for the defendant.*

BRAYTON, J. The case which purports to be brought here by this bill of exceptions, was tried in a special Court of Common Pleas. A jury trial was waived, and the case was heard upon law and fact by the Judge of that court.

It was an action of ejectment. The bill of exceptions states, that it contained two counts against the defendant,—one, as tenant at will, and the other, as tenant at sufferance ; and after stating that certain facts were proved, proceeds to state the oral testimony given by the plaintiff, on the one side, and the defendant, on the other. The bill then states the ruling excepted to, viz. : " and upon this testimony the judge trying the cause ruled, that it supported neither count of the declaration."

The statute which gives a bill of exceptions from a special Court of Common Pleas, gives it only where the ruling is in a matter of law. Ch. 192, section 11, of the Revised Statutes, provides, that in such case the party aggrieved " shall be entitled to have such matter heard before, and decided by, the Supreme Court," but in no other. The bill of exceptions in this case states no proposition of law upon which the court below made any ruling, or gave any opinion, direction, or judgment in the case. It does state that the Judge was of opinion that the testimony was insufficient. This it was his province also to weigh, as a jury would have done ; and when the Judge says that the evidence was insufficient, he says, in effect, that it is not sufficient to establish in his mind those facts which constitute a tenancy at will, or a tenancy at sufferance. The error, if any, by which the plaintiff is aggrieved, is a ruling in a matter of fact,

and not of law; and such matter the party is not entitled to have heard before this court.   Over it the bill of exceptions can give us no jurisdiction.

The plaintiff's bill of exceptions must be dismissed with costs.